IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NO. 4:17-CV-152

C.J. CARY,                                )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )
                                          )
DONALD J. TRUMP, REINCE                   )
PRIEBUS, REPUBLICAN                       )        **NOTICE OF REMOVAL**
NATIONAL CONVENTION,                      )
REPUBLICAN NATIONAL                       )
CAMPAIGN, and REPUBLICAN                  )
NATIONAL COMMITTEE,                       )
                                          )
                    Defendants.           )

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Republican

National Committee ("Defendant") respectfully submits this Notice of Removal of this

action from the Superior Court, County of Lenoir, North Carolina, to the United

States District Court for the Eastern District of North Carolina. In support of this

Notice for Removal, Defendant shows the court as follows:

1.      Defendant is one of several defendants in the civil action brought on or

about October 3, 2017 in the Superior Court of Lenoir County, North Carolina,

entitled *Republican C.J. Cary v. Donald J. Trump et al.*, Case No. 17-CVS-834 (the

"State Court Action"). Copies of all filings and other papers from the State Court

Action which have been served on Defendant are attached hereto as **Exhibit 1**. This

Exhibit includes the Summons, Complaint, and Plaintiff's First Set of Interrogatories

to Defendants.

1

2.     This matter appears to have been filed on October 6, 2017. On or after October 7, 2017, Defendant received the Summons and Complaint at 310 First Street S.E., Washington, D.C. 20003.[1] Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after Defendant received a copy the Summons and Complaint in the State Court Action and within one (1) year of the commencement of the action.

3.     The State Court Action arises out of alleged events at an October 2016 rally for Republican Candidate Donald J. Trump for President in Lenoir County, North Carolina. Plaintiff asserts the following claims against some or all of the Defendants: (1) "Defamation of Character, Libel, Slander and Verbal and Physical Assault and Battery"; (2) "Assault and Physical Battery"; (3) "Intentional Infliction of Emotional Distress"; (4) "Negligent Infliction of Emotional Distress"; and (5) "Negligent Retention and The Lack of Supervision Claim".

4.     The Complaint in the State Court Action asserts claims over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds Seventy-Five Thousand dollars ($75,000.00) and because there is complete diversity of citizenship between the Plaintiff and the Defendants.

5.     Upon information and belief, the named defendant Republican National Convention and the Republican National Campaign do not exist. There are no federal or North Carolina finance filings by groups with those names. Plaintiff's own

---

[1] Defendant does not intend to waive, and specifically reserves, all defenses based on jurisdiction and improper service, and all other defenses under Rule 12.

2

Complaint does not allege facts supporting the existence of the Republican National Convention or Republican National Campaign. *See* Compl. ¶¶ 2–7.

6.      As between the parties that exist, the Plaintiff is not a resident of the same state as any Defendant. Upon information and belief, no Defendant is a resident of the state of North Carolina. Plaintiff C.J. Cary is a resident of Nash County, North Carolina. (Compl. ¶ 2). Defendant Republican National Committee is an unincorporated association organized under and maintaining its principal place of business in the District of Columbia. (Compl. ¶ 5). A copy of Defendant's registration with the Federal Election Commission is attached as **Exhibit 2.** Upon information and belief, Defendant Donald J. Trump is a resident of New York. (Compl. ¶ 3). Upon information and belief, Defendant Reince Priebus is a resident of either Wisconsin or Virginia. (Compl. ¶ 4). Accordingly, there is complete diversity between Plaintiff and the Defendants in this case.

7.      Furthermore, upon information and belief, the amount in controversy in this case exceeds $75,000. In order to invoke this Court's jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, __, 135 S. Ct. 547, 554 (2014). Ordinarily, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). However, "[i]f a complaint 'does not allege a specific amount of damages, the removing defendant must prove by a

3

preponderance of the evidence that the amount in controversy exceeds [$75,000].'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (alteration in original) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). Allegations of punitive damages should be considered in determining the amount in controversy. *See R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available . . . ." (citation omitted)).

8. Here, while the Complaint states pursuant to North Carolina statutory law that Plaintiff seeks damages "in excess of $25,000.00," Plaintiff's Complaint illustrates that he is likely seeking damages of at least $75,000. Plaintiff alleges that he has suffered "immeasurable and irrevocable pain and suffering," which, upon information and belief, Plaintiff would contend has resulted in more than $75,000 in damages to him. (Compl. ¶¶ 43–44, 66–67, 80). Moreover, Plaintiff claims that "multiple damages . . . [i]ncluding but not limited to compensatory damages" and "punitive damages" should be awarded. (Compl. ¶¶ 80–82). N.C. Gen. Stat. § 1D-25(b) caps punitive damages at the greater of "three times the amount of compensatory damages, or two hundred fifty thousand dollars ($250,000.00)," making the amount in controversy in excess of $75,000.[2]

9. Accordingly, this Court has diversity jurisdiction over this action.

---

[2] Defendant does not intend to waive, and specifically reserves, the right to contest the amount of damages to which Plaintiff is entitled should he succeed on the merits.

4

10.     This court would have had original subject matter jurisdiction of the State Court Action under 28 U.S.C. § 1332 if the action had originally been brought in federal court. Removal is therefore proper under 28 U.S.C. § 1441(a).

11.     Pursuant to 28 U.S.C. § 1446(b)(2)(a), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  Upon information and belief, the other Defendants in this case have not been properly served with the Summons and Complaint in the State Court Action. Therefore, the requirements of 28 U.S.C. § 1446(b)(2)(a) are met.

12.     None of the parties in interest properly joined and served as a defendant is a citizen of the State of North Carolina, the State in which the action was brought. Removal of this action based on diversity of citizenship is therefore not precluded by the provisions of 28 U.S.C. § 1441(b).

13.     Venue is proper in the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1441(a) because this district is the place where the State Court Action is pending and where the events at issue occurred.

14.     Defendant has not filed an answer or other responsive pleading in the State Court Action.

15.     Contemporaneously with the filing of this Notice of Removal, the Defendant is giving notice to the adverse party and filing a copy of this Notice of Removal with the Clerk of Superior Court in Lenoir County, North Carolina. A copy of the Notice of Removal filed in the State Court Action is attached as **Exhibit 3**.

5

16.    The Defendant does not, by filing this Notice of Removal, waive any rights, claims, or defenses that may be available to them. Defendants expressly reserve the right to move to dismiss pursuant to Rule 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Republican National Committee respectfully requests that this action, now pending in the Superior Court of Lenoir County, North Carolina, be removed therefrom to this Court and that further proceedings in this action be conducted in this Court as provided by law.

Respectfully submitted this the 3rd day of November, 2017.

**SHANAHAN McDOUGAL, PLLC**

BY:    */s/ John E. Branch III*
John E. Branch III, NCSB # 32598
128 E. Hargett Street, Third Floor
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
Facsimile: (919) 856-9499
jbranch@shanahanmcdougal.com
*Counsel for Defendant Republican National Committee.*

6

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing copy of **Notice of Removal** upon all parties to this matter by placing a copy in the United States Mail, First Class, postage prepaid, and addressed as follows:

C.J. Cary, *pro se*
3661 Sunset Avenue # 222
Rocky Mount, NC 27804

This the 3rd day of November, 2017.

SHANAHAN McDOUGAL, PLLC

BY: */s/ John E. Branch III*
John E. Branch III, NCSB # 32598
128 E. Hargett Street, Third Floor
Raleigh, North Carolina 27601
Telephone: (919) 856-9494
Facsimile: (919) 856-9499
jbranch@shanahanmcdougal.com
*Counsel for Defendant Republican National Committee.*

7