IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-00152-FL

| | | |
|---|---|---|
| CJ CARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DONALD TRUMP, REPUBLICAN | ) | ORDER |
| NATIONAL CONVENTION, | ) | |
| REPUBLICAN NATIONAL CAMPAIGN, | ) | |
| REPUBLICAN NATIONAL | ) | |
| COMMITTEE, and REINCE PRIEBUS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for default judgment as to defendant Reince Priebus. (DE 27).

To obtain a default judgment, a party must first seek entry of default under Federal Rule of Civil Procedure 55(a). Under Rule 55(a), entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ." Fed. R. Civ. P. 55(a). It is "axiomatic," however, that effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant. Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996). This is because a defendant's duty to respond to a complaint only arises upon proper service of process. See Fed. R. Civ. P. 12(a).

Thus, plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered. Except where service is made by a United States marshal

or deputy marshal, proof of service must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l)(1).

In this case, plaintiff has failed to serve properly defendant Priebus. In North Carolina, an individual may be served "[b]y mailing a copy of the summons and of the compliant, registered or certified mail, return receipt requested addressed to the party to be served and delivering to the addressee." N.C. R. Civ. P. 4(j)(1)(c).

On October 10, 2017, plaintiff mailed a copy of the summons and complaint by certified mail, return receipt requested, addressed to Reince Priebus. (DE 8-1).[1] However, plaintiff fails to provide sufficient proof that the mailing was actually delivered to defendant.[2] Accordingly, the court must deny plaintiff's motion for insufficient service. Additionally, defendant has failed to obtain entry of default against defendant Priebus prior to filing the instant motion. See Fed. R. Civ. P. 55(b).

Based on the foregoing, the court DENIES plaintiff's motion for default judgment against defendant Reince Priebus.

SO ORDERED, this the 23rd day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] The mailing was addressed to defendant Priebus at 310 First Street S.E., Washington D.C., 20003, which is the address for the Republican National Committee. (DE 8-1, p. 4). Notably, "[a] plaintiff is not required to mail the summons and complaint to a defendant's residence; send the suit papers to defendant's place of employment is within the rule." Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004).

[2] The delivery receipt plaintiff provides was signed, not by defendant, but by a third-party. (See DE 8-1, p. 6).